**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

MARK EARL WHITE,

    Plaintiff,

v.            Case No. 2:09-CV-13470
             Honorable Arthur J. Tanow

SAGINAW COUNTY JAIL,

    Defendant.

_____/

**OPINION & ORDER DISMISSING PLAINTIFF'S**
**COMPLAINT PURSUANT TO 28 U.S.C. §1915(g)**

  This matter is before the Court on its own review of Plaintiff's *pro se* complaint, filed pursuant to 42 U.S.C. § 1983. Plaintiff is a state inmate who is currently confined at the Saginaw County Jail in Saginaw, Michigan. He is proceeding without prepayment of the filing fee in this action under 28 U.S.C. § 1915(a)(1).  Plaintiff claims that the personnel at the Saginaw County Jail refused to allow him access to the law library and continue to deny him other essential office supplies necessary to research and prepare a defense such as pens, pencils, paper, postage, and envelopes.  He also claims that the grievance system is ineffective which  further impedes his ability to defend himself.  Accordingly, Plaintiff maintains that his constitutional rights have been violated and he seeks injunctive relief so that he may have access to the courts.

  Having reviewed Plaintiff's complaint and his litigation history in the federal courts, the court concludes that the complaint must be dismissed pursuant to 28 U.S.C. § 1915(g).  A search of federal court records reveals that at least three prior civil rights complaints filed

*White v. Saginaw County Jail*
09-CV-13470

by Plaintiff have been dismissed for being frivolous or malicious, or for failing to state a claim. See *White v. Michigan Department of Corrections,* No: 1:98-CV-10341 (E.D. Mich. Sept. 8, 1999), Roberts, J.; *White v. Krupa,* No: 2:97-CV-73661 (E.D. Mich Feb. 26, 1999), Borman, J.; *White v. Nichols,* No: 2:94-CV-75266 (E.D. Mich. July 29, 1996), Borman, J. Subsequent to the most recent of these dismissals, Plaintiff filed at least one additional § 1983 complaints, which was dismissed pursuant to the "three strikes" rule contained in 28 U.S.C. § 1915(g).[1]  See *White v. Birkett,* No: 1:00-CV-10260, 2002 WL 337533 (E.D. Mich. Feb. 25, 2002), Lawson, J.

The three strikes rule prohibits a prisoner, who has had three prior suits dismissed for being frivolous or malicious, or for failing to state a claim, from proceeding *in forma pauperis* in a civil rights suit absent an allegation that he is in imminent danger of serious physical injury.[2]   A federal district court may raise the three strikes rule on its own initiative.

---

[1]Section 1915(g) states: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

[2] *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir.1998) (plaintiff sufficiently alleged imminent danger of serious physical injury where he claimed that he was placed near inmates on his enemy list and subject to ongoing danger); *Banos v. O'Guin*, 144 F.3d 883, 885 (5th Cir.1998) (past body cavity searches failed to establish imminent danger of serious physical injury); *Luedtke v. Bertrand*, 32 F.Supp.2d 1074, 1077 (E.D.Wis.1999) (allegation of past physical injury is insufficient to meet statutory exception).

*White v. Saginaw County Jail*
09-CV-13470

See, e.g*., Ward v. King*, No: 08-CV-15061, 2009 WL 367859 (E.D. Mich. Feb. 12, 2009), Freidman, J;  *Witzke v. Hiller,* 966 F. Supp. 538 (E.D. Mich.1997).

　　　In the present case, the Court is aware of three of Plaintiff's civil rights complaints which were dismissed for being frivolous or malicious or for failing to state a claim; and one additional complaint, which resulted in an order finding that Plaintiff had already exhausted his "three strikes."  Moreover, Plaintiff's complaint fails to allege any facts which would be sufficient to meet the statutory exception of "imminent danger."  Plaintiff's allegations against the Defendant do not involve any physical violence, but rather lack of access to the courts through the deprivation of access to certain resources.   The complaint is therefore subject to dismissal pursuant to § 1915(g).

　　　Accordingly,

　　　**IT IS HEREBY ORDERED** that Plaintiff's Complaint  **[Doc. #1]** is **DISMISSED** pursuant to 28 U.S.C. §1915(g).

　　　**IT IS FURTHER ORDERED** that should Plaintiff wish to pursue the allegations contained in his complaint, he must submit payment of the $350.00 filing fee within 30 days from the date of this Order. Upon receipt of the filing fee, the Court will re-open the case and review the complaint to determine whether it should be served or should be summarily dismissed under 28 U.S.C. § 1915A(b).

*White v. Saginaw County Jail*
09-CV-13470

**IT IS FURTHER CERTIFIED** that any appeal taken by plaintiff in this matter would

not be in good faith.


S/Arthur J. Tarnow
Arthur J. Tarnow
United States District Judge

Dated:  September 14, 2009


I hereby certify that a copy of the foregoing document was served upon counsel of record
on September 14, 2009, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Secretary

4