UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK WHITE, *et al.*,                                Case No. 09-13470

          Plaintiffs,                               Arthur J. Tarnow
vs.                                                 United States District Judge

SAGINAW COUNTY JAIL,                                Michael Hluchaniuk
                                                    United States Magistrate Judge

          Defendant.
_____/

## REPORT AND RECOMMENDATION
## PLAINTIFF'S MOTIONS FOR
## INJUNCTIVE RELIEF (Dkt. 18, 25, 45, 48, 54)

## I.    PROCEDURAL HISTORY

Plaintiff filed a complaint on September 2, 2009 alleging that he was denied

access to the prison law library and seeking to proceed *in forma pauperis* under 28

U.S.C. § 1915(a)(1).  (Dkt. 1).  On September 14, 2009, this Court dismissed

plaintiff's complaint pursuant to 28 U.S.C. § 1915(g) after concluding that plaintiff

had filed at least three prior civil rights complaints which were dismissed for being

frivolous, malicious, or for failing to state a claim.  (Dkt. 6). The Court also found

that plaintiff did not allege any facts sufficient to meet the statutory exception of

"imminent danger."  *Id.*  Plaintiff was instructed that if he wished to pursue the

allegations in his complaint, he could pay the filing fee within 30 days and the

Court would re-open the case.  *Id.*

On September 30, 2009, plaintiff filed a motion for reconsideration alleging that he should be permitted to proceed *in forma pauperis* because he was under imminent danger of serious physical injury, thus meeting the statutory exception. (Dkt. 9). Specifically, plaintiff alleged, with supporting affidavits, that, subsequent to the time of filing of the complaint, prison officials have been denying him his diabetic snack, putting his physical health in danger. The Court concluded that since plaintiff alleged that he was under danger of serious physical injury, he was permitted to proceed *in forma pauperis* as to the allegations raised in his complaint filed September 2, 2009 and ordered the case reopened. (Dkt. 13). District Judge Arthur Tarnow then referred this matter to the undersigned for all pretrial proceedings. (Dkt. 17).

Plaintiff has filed various motions for injunctive relief. (Dkt. 18, 25, 45, 48, 54). Defendant has filed responses. These matters are now ready for report and recommendation. For the reasons set forth below, the undersigned **RECOMMENDS** that the Court **DENY** plaintiff's motions for injunctive relief.

## II. FACTUAL BACKGROUND

### A. Plaintiff's Complaint

In his complaint, plaintiff alleges that jail officials refuse to respond to any Step II or Step III grievance appeals, so he has been prevented from exhausting his grievances. He also alleges that jail officials refuse to give him access to an

adequate law library.  He also alleges that jail officials refuse to supply him with
adequate paper, pens, envelopes, and postage to pursue this legal action and other
active state and federal court cases.  Plaintiff requests injunctive relief only,
including an order that the jail maintain a minimum standard law library and rules
for supplying inmates with supplies and post for effective access to the Courts.
(Dkt. 1).

B.    Plaintiff's Motions

On December 8, 2009, plaintiff filed a motion for appointment of a monitor.
(Dkt. 18).  Plaintiff claims he was forced to send his only copy of the affidavit of
Nathaniel A. Medina as part of this motion.  Plaintiff asks the Court to take judicial
notice that Mr. Medina attests that his criminal court transcripts were altered or
falsified, similarly to a claim plaintiff made in Case No. 08-15207.[1]  Plaintiff asks
this Court to authorize a criminal investigation into these matters.  Plaintiff also
provided affidavits signed by other inmates regarding the ongoing conditions of
confinement at the Saginaw County Jail.  Plaintiff claims that staff continue to
deny him his diabetic snack bag and he is forced to use facilities with sewer
drainage problems.  Plaintiff asks the Court to appoint a monitor to report
conditions to the Court, order a criminal investigation of the Court and jail staff,

---

[1] This is a habeas corpus case filed by plaintiff on December 18, 2008.  It
was ordered consolidated with Case No. 08-10679 and is now closed.  Case No.
08-10679 remains pending.

and order that the Sheriff be held personally responsible for plaintiff's safety, food, and living conditions. *Id.*

On December 18, 2009, plaintiff moved for a preliminary injunction based on imminent danger. (Dkt. 25). In plaintiff's motion, he claims to be subject to retaliation in "placement, food, and living conditions." Specifically, he says he has been denied his evening diabetic snack. He says he is afraid to file any further complaints or grievances based on this retaliations and threats of physical harm. He also asks for a court monitor because the law library is inadequate. Plaintiff appears to claim that defendant's actions are in violation of a permanent injunction[2] entered by the court in 1978 regarding various jail conditions and procedures. *Id.* Plaintiff also asserts that he has been threatened by another inmate who is taking his diabetic snack bags and that staff is aware but doing nothing to stop these actions. Plaintiff says he is being denied sufficient supplies to make copies of pleadings and is being denied access to visitors and telephone privileges. *Id.*

In his pleading dated February 2, 2010, plaintiff alleged that he has no access to the Local Rules and therefore cannot comply with the Court's orders regarding responsive briefs. (Dkt. 45). He also asks the Court to take "judicial notice" that he filed his response on "used paper" because the jail refuses to give

---

[2] *O'Bryan v. County of Saginaw*, 446 F.Supp. 436 (E.D. Mich. 1978).

him supplies, postage, and envelopes. Plaintiff also alleges that he was threatened with segregation three days after this Court held a hearing on his initial motion for preliminary injunction.

On February 3, 2010, plaintiff filed a motion to consider additional evidence. (Dkt. 48). While this motion purports to be related to the motion to dismiss, it seems to be in response to the submission of affidavits after the hearing by two employees of defendant. Thus, the undersigned will treat this motion in conjunction with the other motions for injunctive relief filed by plaintiff. In this motion, plaintiff directs the Court's attention to an exchange in his state court criminal case where he complains about lack of access to the law library. He again asks the Court to take judicial notice that he has to "plead on used paper." Plaintiff again urges the Court to appoint counsel or a monitor because they would find that the recent affidavits filed by jail employees are inaccurate because there is only one "tattered" volume of Gillespie on Criminal Law and the 2007 to present U.S. Supreme Court materials are advance sheets. In addition, plaintiff notes that Lt. Lounsbury did not swear that plaintiff received his diabetic snack bags on the days sworn in the witness affidavits. *Id*.

On February 19, 2010, plaintiff filed an "emergency" motion for an immediate injunction based on alleged retaliation. (Dkt. 54). Plaintiff again stated that he was threatened with segregation after complaining of imminent danger of

harm by other inmates. Plaintiff also alleges that his appointed counsel in his pending criminal matter told him that jail representatives made it clear that plaintiff would not be provided with any additional pens, paper, and postage for filings with the Court. Plaintiff also complains of an incident on February 2, 2010 where urine and feces were thrown into his cell by another inmate and his requests for cleaning supplies were ignored by staff. Plaintiff alleges the failure to timely provide cleaning supplies constitutes a criminal conspiracy. *Id.*

C.    Defendant's Responses

Defendant acknowledges the broad remedial power of the federal courts and that monitors are used by federal courts to monitor compliance with court orders and consent decrees. (Dkt. 55, p. 5). Defendant asserts, however, that it was unable to locate any authority standing for the proposition that a monitor could be appointed where there has been no finding of any violation of law. In other words, according to defendant, the case law suggests that a court can only appoint a Court monitor when employing its equitable powers to remedy a constitutional injury – actual or likely (i.e., in association with an injunction, order, or consent decree), and plaintiff has failed to make any showing to warrant such relief. *Id.*

On January 12, 2010, the Court held a telephonic hearing on plaintiff's motion. The parties were directed to file supplemental documents regarding the issues of plaintiff's receipt of diabetic snacks, the submission of grievances, and

the law library facilities. According to the affidavit of John Hitchcock, a Saginaw County Jail employee whose duties include maintenance of the law library, the law library has hard copy texts of Gillespie's Criminal Law, the U.S. Supreme Court Reports, and the Rights of Prisoners 3d, Volumes I-111. (Dkt. 38, p. 2). Lt. Paula Lounsbury, the Jail Division Commander/Jail Administrator of the Saginaw County Jail, states in her affidavit that the records of the jail show that diabetic snacks were prepared for plaintiff in accordance with the medical detail and the diabetic menu and no records revealed that they were not delivered as ordered. (Dkt. 36, pp. 2-3). Lt. Lounsbury also described the Jail's three-step grievance procedure. She explained that she received two final step 3 grievance forms from plaintiff regarding his medical condition and each was denied because plaintiff failed to follow the written grievance procedures required. According to Lt. Lounsbury, neither grievance was re-filed and no other grievances are pending. (Dkt. 36, p. 4).

In response to plaintiff's fears for his safety as stated during the January 12, 2010 hearing, Lt. Lounsbury met with plaintiff and offered him residence in a single cell housing unit. (Dkt. 53, Ex. A). According to defendant, this is not a "segregation unit" as described by plaintiff. Defendant asserts that plaintiff refused, stating he was no longer in fear for his physical safety. In addition, plaintiff received weekly "indigent packs" that include paper, writing supplies, and

postage prepaid envelopes. There have been occasions where plaintiff has received greater amounts of paper on request.[3] According to the report attached to Lt. Lounsbury's affidavit, plaintiff expressed dissatisfaction that Westlaw was not available on the computer. She explained that "Premise was the software that the Westlaw was loaded onto" but that plaintiff "continued to advise [her] that it was inadequate." Plaintiff was also unsatisfied with the books available in the second floor law library. (Dkt. 53-2).

Defendant also takes issues with plaintiff's continuing reference to matters in his pending state court criminal matter, which, according to defendant, have nothing to do with this case, and in which he is represented by counsel. (Dkt. 58). According to defendant, this is not the appropriate venue to raise such allegations and, it is obvious from plaintiff's own pleading history in the present matter that his access to the Court has not been impeded in any way.

In response to plaintiff's allegations regarding being subjected to urine and feces without timely and adequate cleaning supplies, defendant offers the affidavits of two officers who attest that no inmate ever reported an incident of urine and feces being thrown into plaintiff's cell on February 13, 2010. (Dkt. 58-3, 58-4). Both officers attest that if such a complaint had been made, it would have been logged and if a request for cleaning supplies had been made, it would have been

_____

[3] There is no cite to any evidence to support this statement.

granted. *Id*. Sgt. Ebony Rasco attests that plaintiff never reported such an incident to her. (Dkt. 58-5). She spoke with plaintiff on February 14, 2010, but it was related to plaintiff's complaints about adequate legal supplies. *Id*. Defendant suggests that the affidavit signed by his cell mates should be viewed with some suspicion. While two of his cell mates attest to the allegations made by plaintiff regarding the urine/feces incident, plaintiff notes, however, that the other four inmates in the cell are being "given favors for participating with staff to punish Plaintiff" and that is presumably why they didn't sign the Affidavit. Plaintiff provides no basis for his accusation that defendant is favoring inmates in order to punish plaintiff.

Defendant argues that even if plaintiff's allegations are taken as true, he cannot establish an Eighth Amendment claim because "while urine and feces on the floor for a short period of time may be unpleasant, it could hardly be described as offending the very basic standards of decency in contemporary society." (Dkt. 58, p. 8). Defendant argues that a condition, even an unpleasant one, for such a limited time does not rise to the level of an "extreme deprivation" as is necessary to meet the threshold of an 8th Amendment claim. *Id*., citing, *Zimmerman v. Seyfert*, 2007 WL 2080517, *29 (N.D. N.Y. 2007) (no Eighth Amendment violation where officer delayed letting plaintiff shower for approximately one-half hour after feces and urine had been thrown onto him by another inmate); *McNatt v. Unit Manager*

*Parker*, 2000 WL 307000, *4 (D. Conn. 2000) (where plaintiff deprived of toilet paper and cleaning supplies for one day, the court held that although the conditions were not pleasant, "the brief duration of the deprivation causes the court to conclude that the conditions did not constitute an Eighth Amendment violation"). Finally, according to defendant, even if the plaintiff could meet the objective component of the 8th Amendment claim, he cannot meet the subjective component, which requires a showing of a sufficiently culpable state of mind on the part of defendant. All officers identified by plaintiff (although not defendants in this lawsuit) have attested to the fact that they had no knowledge of any incident of feces/urine being thrown in plaintiff's cell and they have no knowledge of plaintiff requesting cleaning supplies regarding any such alleged incident. (Dkt. 58-3, 4, 5). Further, Jail records are consistent with the fact that no such incident was reported. *Id.* The officers state that had such an incident occurred, Plaintiff's request for cleaning supplies would have been immediately granted. *Id.* Thus, defendant asserts that plaintiff cannot meet the threshold necessary to prove the subjective component of the 8th Amendment claim.

As to plaintiff's motions for preliminary injunctive relief, defendants argue that plaintiff is unlikely to succeed on the merits of his claims. Not only has plaintiff failed to comply with the requirements of the Prisoner Litigation Reform Act in exhausting his administrative remedies before filing suit; but, even if

administrative exhaustion was not a requirement, plaintiff's substantive allegations would still fail on their face based on the legal arguments made in defendant's motion to dismiss. Further, despite plaintiff's general assertion that he is in "imminent danger," he provides no substantive assertion as to why he will suffer irreparable harm without the issuance of the injunction in his case. Importantly, plaintiff's complaint in this matter is based on allegations relating to legal supplies, the law library, and the Jail grievance procedure, while plaintiff's motions for injunctive relief and allegations of imminent danger are based on an alleged deprivation of his diabetic snacks, his housing unit, and other "living conditions" and are completely unrelated to his complaint. Thus, according to defendant, plaintiff inappropriately requests the Court enjoin alleged behavior that is entirely unrelated to the merits of the complaint.

As to the two remaining factors to be considered by the Court when awarding preliminary injunctions (i.e., the probability that granting the injunction will cause substantial harm to others and whether the public interest is advanced by the issuance of the injunction), according to defendant, both are neutral or weigh slightly in defendant's favor. Defendant asserts that granting an injunction outside of the scope of plaintiff's complaint would likely subject plaintiff to special treatment not received by other inmates at the Jail without sufficient and justifiable grounds. For instance, plaintiff complains about his cell assignment which was

made pursuant to standard practices, procedures and policies of the Jail.  Should

the Court issue an injunction relating to plaintiff's cell placement, such a decision

could cause substantial harm to other inmates in the facility affected by plaintiff's

reassignment.  As to the public interest, defendant posits that it is unclear, at best,

as to how it would be advanced should plaintiff's request for an injunction be

granted.

## III.   ANALYSIS AND CONCLUSIONS

The availability of preliminary injunctive relief is a procedural question that

is governed by federal law.  *Southern Milk Sales, Inc. v. Martin*, 924 F.2d 98 (6th

Cir. 1991).  The Sixth Circuit has held that a court must consider four factors in

deciding whether to issue a preliminary injunction:

> 1.   whether the movant has established a substantial
>      likelihood or probability of success on the merits;
>
> 2.   whether the movant has demonstrated a threat of
>      irreparable harm;
>
> 3.   whether the issuance of a preliminary injunction
>      would cause substantial harm to others; and
>
> 4.   whether the public interest is served by the
>      issuance of an injunction.

*Nightclubs, Inc. v. City of Paducah*, 202 F.3d 884, 888 (6th Cir. 2000), overruled

on other grounds, *729, Inc. v. Kenton Co. Fiscal Court*, 515 F.3d 485 (6th Cir.

2008).  "'The four considerations applicable to preliminary injunction decisions are

factors to be balanced, not prerequisites that must be met.'" *Hamad v. Woodcrest Condo. Ass'n*, 328 F.3d 224, 230 (6th Cir. 2003), quoting, *Michigan Bell Tel. Co. v. Engler*, 257 F.3d 587, 592 (6th Cir. 2001). A plaintiff must always, however, show irreparable harm before a preliminary injunction may issue. *Friendship Materials, Inc. v. Michigan Brick, Inc.*, 679 F.2d 100, 104 (6th Cir. 1982).

Further, where a prison inmate seeks an order enjoining state prison officials, this Court is required to proceed with the utmost care and must recognize the unique nature of the prison setting. *See Kendrick v. Bland*, 740 F.2d 432 at 438, n. 3, (6th Cir. 1984); *Harris v. Wilters*, 596 F.2d 678 (5th Cir. 1979). And, a party seeking injunctive relief bears a heavy burden of establishing that the extraordinary and drastic remedy sought is appropriate under the circumstances. *See e.g.*, *O'Lone v. Estate of Shabazz*, 482 U.S. 342 (1986). Notably, under the Prison Litigation Reform Act, "[p]rospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs." 18 U.S.C. § 3626(a)(1). Further, a court may not grant injunctive relief unless it explicitly "finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." *Id.*

The undersigned suggests that all of plaintiff's motions for injunctive relief

should be denied for several reasons.  The first reason is that virtually all of the allegations on which plaintiff's motions for injunctive relief are unrelated to the claim at issue in this case, the alleged denial of access to courts.  Preliminary injunctive relief is designed "to preserve the status quo and prevent irreparable harm until the court has an opportunity to rule on the lawsuit's merits."  *Moody v. Bell*, 2009 WL 3011505, *4 (S.D. Ohio 2009), quoting, *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir.1994) (per curiam).  Thus, to prevail on a motion for preliminary injunctive relief, the moving party must establish a relationship between the injury claimed in the motion and the conduct giving rise to the complaint.  *Moody*, at *4, citing, *Omega World Travel. Inc. v. Trans World Airlines*, 111 F.3d 14, 16 (4th Cir. 1997) (reversing district court's granting of motion for preliminary injunctive relief because injury sought to be prevented through preliminary injunction was unrelated and contrary to injury which gave rise to complaint).  In this case, plaintiff has failed to demonstrate that the relief sought, with the possible exception of additional access to legal materials and paper, is related to the injury he has allegedly sustained.  *Moody*, at *4, citing, *Lebron v. Armstrong*, 289 F.Supp.2d 56, 61 (D. Conn. 2003).

In addition, the undersigned suggests that even if the Court were to consider the merits of the other relief sought in plaintiff's motions for injunctive relief, he has failed to satisfy his burden of proof.  Significantly, "the proof required for the

plaintiff to obtain a preliminary injunction is much more stringent than the proof required to survive a summary judgment motion." *Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000). In this case, plaintiff has merely offered his own statements that he did not receive his diabetic snacks, which are directly contradicted by the sworn affidavits and contemporaneous records offer by defendant. In addition, defendant offered evidence that plaintiff declined the offer of a single cell, stating that he was no longer afraid of any other inmates. Thus, the undersigned suggests that plaintiff's claim that other inmates were stealing his diabetic snack is no longer a viable issue. Under the circumstances, the evidence offered by plaintiff does not satisfy his extraordinary burden.

The undersigned suggests that, with respect to motions for injunctive relief that do relate to the claims actually at issue in this case, plaintiff has failed to show any irreparable harm, which is required before a preliminary injunction may issue. Since filing the complaint and other initial papers, plaintiff has filed, without any apparent difficulty, approximately fifteen different documents, motions, and pleadings with the Court. Thus, the undersigned concludes that plaintiff has failed to show that his access to paper, writing supplies, envelopes, and postage is inadequate or that defendant is interfering with his right to access the courts through access to such materials.

In addition, plaintiff is not entitled to unlimited access to the law library or

unlimited legal texts and materials. The Supreme Court has held that the First

Amendment guarantees to prisoners the right of meaningful access to the courts.

*Boles v. Karrer*, 14 F.3d 600, *2 (6th Cir. 1993), citing, *Bounds v. Smith*, 430 U.S.

817, 824-25 (1977). This right guarantees access only to the courts and not

necessarily to the prison law library; however, access to the library and the

pertinent guidelines regulating time, place, and manner of legal research are

relevant to the analysis of a claim alleging a violation of this right. *Id*, citing,

*Walker v. Mintzes*, 771 F.2d 920, 932 (6th Cir. 1985). Thus, the Sixth Circuit "has

not established a constitutionally-mandated minimum number of hours in which a

prisoner must have access to the law library." *Id.* Instead, the focus of analysis of

an access to the courts claim is whether the prison officials' actions actually denied

the prisoner a reasonably adequate opportunity to present his claims in court. *Id.*,

citing, *Bounds*, 430 U.S. at 825. Defendant provided evidence that plaintiff has

access to Westlaw through its Premise software program and other relevant legal

materials in book form. Plaintiff has failed to specifically or persuasively establish

how any lack of further access in either quantity or quality will cause him

irreparable harm. Thus, the undersigned fails to see any irreparable harm or that

plaintiff is substantially likely to succeed on the merits of his claim of lack of

sufficient access to legal materials.

Finally, plaintiff has offered no basis for this Court to interfere with the

operation of a jail by overriding its determinations the amount and frequency of paper supplied to plaintiff or the quality and quantity of legal research permitted. *See Kendrick, supra* and *Harris, supra*. In this vein, the undersigned suggests that the issuance of a temporary restraining order would be against the public interests and, on balance, would cause substantial harm to defendant by unnecessarily interfering with the operation of the jail.

Based on the foregoing, the undersigned suggests that plaintiff has failed to meet his heavy burden of establishing that the extraordinary and drastic remedy sought is appropriate under the circumstances.

## IV.   RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that the Court **DENY** plaintiff's motions for injunctive relief.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health*

*and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

|  | s/Michael Hluchaniuk |
|---|---|
| Date:  April 16, 2010 | Michael Hluchaniuk |
|  | United States Magistrate Judge |

## **CERTIFICATE OF SERVICE**

I certify that on April 16, 2010, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: <u>Christina M. Grossi and Lawrence W. Smith, Jr.</u>, and I certify that I have mailed by United States Postal Service the paper to the following non-ECF participant(s): <u>Mark White, ID# 134259, SAGINAW COUNTY JAIL, 208 S. Harrison, Saginaw, MI 48602, and Roger Kelly, ID# 748808, SAGINAW CORRECTIONAL FACILITY, 9625 Pierce Road, Freeland, MI 48623, and Christopher Sperry, ID #686220, BELLAMY CREEK CORRECTIONAL FACILITY, 1727 West Bluewater Highway, Ionia, MI 48846</u>.

<u>s/Tammy Hallwood</u>
Case Manager
U.S. District Court
600 Church Street
Flint, MI 48502
(810) 341-7887
tammy_hallwood@mied.uscourts.gov