UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK WHITE, *et al.*,　　　　　　　　　　　Case No. 09-13470

　　　　　Plaintiffs,　　　　　　　　　　　Arthur J. Tarnow
vs.　　　　　　　　　　　　　　　　　　　United States District Judge

SAGINAW COUNTY JAIL,　　　　　　　　Michael Hluchaniuk
　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

　　　　　Defendant.
_____/

**REPORT AND RECOMMENDATION**
***SUA SPONTE* DISMISSAL OF PLAINTIFF WHITE'S COMPLAINT
AND DENIAL OF MOTION TO DISMISS AS MOOT (Dkt. 30)**

**I.　　PROCEDURAL HISTORY**

Plaintiff filed a complaint for injunctive relief only on September 2, 2009 alleging that he was denied access to the prison law library and seeking to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(1). (Dkt. 1). On September 14, 2009, this Court dismissed plaintiff's complaint pursuant to 28 U.S.C. § 1915(g) after concluding that plaintiff had filed at least three prior civil rights complaints which were dismissed for being frivolous, malicious, or for failing to state a claim. (Dkt. 6). The Court also found that plaintiff did not allege any facts sufficient to meet the statutory exception of "imminent danger." *Id*. Plaintiff was instructed that if he wished to pursue the allegations in his complaint, he could pay the filing fee within 30 days and the Court would re-open the case. *Id*.

On September 30, 2009, plaintiff filed a motion for reconsideration alleging that he should be permitted to proceed *in forma pauperis* because he was under imminent danger of serious physical injury, thus meeting the statutory exception. (Dkt. 9). The Court concluded that since plaintiff alleged that he was under danger of serious physical injury, he was permitted to proceed *in forma pauperis* as to the allegations raised in his complaint filed September 2, 2009 and ordered the case reopened. (Dkt. 13). District Judge Arthur Tarnow then referred this matter to the undersigned for all pretrial proceedings. (Dkt. 17).

Plaintiff filed several separate motions for injunctive relief, which the undersigned, on April 16, 2010, recommended be denied as unlikely to succeed on the merits. (Dkt. 63). Judge Tarnow has not yet addressed that report and recommendation. Defendant filed a motion to dismiss plaintiff White's claim on January 5, 2010. (Dkt. 30). Plaintiff filed a response on January 5, 2010. (Dkt. 26). On April 29, 2010, plaintiff White filed a notice of change of address with the Court. (Dkt. 66). According to plaintiff, he has been transferred to another facility. *Id*. For the reasons set forth below, the undersigned **RECOMMENDS** that plaintiff's complaint for injunctive relief be **DISMISSED** as **MOOT** and in light of this conclusion, that defendant's motion to dismiss, as to plaintiff White only, be **DENIED** as moot.

II. **PLAINTIFF'S COMPLAINT**

In his complaint, plaintiff alleges that jail officials refuse to respond to any Step II or Step III grievance appeals, so he has been prevented from exhausting his grievances. He also alleges that jail officials refuse to give him access to an adequate law library. He also alleges that jail officials refuse to supply him with adequate paper, pens, envelopes, and postage to pursue this legal action and other active state and federal court cases. Plaintiff requests injunctive relief only, including an order that the jail maintain a minimum standard law library and implement rules for providing inmates with supplies and postage for effective access to the Courts. (Dkt. 1).

## III. ANALYSIS AND CONCLUSIONS

On April 29, 2010, plaintiff White filed a notice of change of address with the Court. (Dkt. 66). According to plaintiff, he has been transferred to another facility. *Id*. When a prisoner sues for equitable relief and, by virtue of a transfer to another prison, is no longer under the control or custody of the defendants, his claims for injunctive and declaratory relief are moot. *Kime v. Jones*, 2007 WL 586793, *3 (W.D. Mich. 2007), citing, *Mowatt v. Brown*, 902 F.2d 34, 1990 WL 59896 (6th Cir. 1990); *Tate v. Brown*, 902 F.2d 35, 1990 WL 58403 (6th Cir. 1990); *Howard v. Heffron*, 884 F.2d 1392, 1989 WL 107732 (6th Cir. 1989); *Williams v. Ellington*, 936 F.2d 881 (6th Cir. 1991). "Underlying the rule is the premise that injunctive relief is appropriate only where plaintiff can show a

reasonable expectation or demonstrated probability that he is in immediate danger of sustaining direct future injury as the result of the challenged official conduct." *Kime* at *3, citing, *Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983); *see also, Brieger v. Teletronics, Inc.*, 816 F. 2d 678, 1987 WL 37131 (6th Cir. 1987) (injunctive relief generally inappropriate where remedy at law, i.e., money damages, is available). Indeed, prior "exposure to an isolated incident of illegal conduct does not, by itself, sufficiently prove that the plaintiff will be subjected to the illegal conduct again." *Kime*, at *3 (collecting cases). Finally, a court should assume that, "absent an official policy or practice urging unconstitutional behavior, individual government officials will act constitutionally." *Id*.

As noted above, plaintiff was transferred to another correctional facility in April, 2010. Therefore, plaintiff's claims for injunctive relief are moot. Given that plaintiff only requests injunctive relief, his complaint should be dismissed in its entirety.

## IV. RECOMMENDATION

Based on the foregoing, the undersigned **RECOMMENDS** that plaintiff's complaint for injunctive relief be **DISMISSED** as **MOOT** and in light of this conclusion, that defendant's motion to dismiss, as to plaintiff White only, be **DENIED** as **MOOT**.

The parties to this action may object to and seek review of this Report and

Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: May 26, 2010

s/Michael Hluchaniuk
Michael Hluchaniuk
United States Magistrate Judge

**CERTIFICATE OF SERVICE**

I certify that on May 26, 2010, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: Christina M. Grossi and Lawrence W. Smith, Jr., and I certify that I have mailed by United States Postal Service the paper to the following non-ECF participant(s): Mark White, ID # 228524, R & GC, 3855 Cooper Street, Jackson, MI 49201, and Roger Kelly, ID # 748808, SAGINAW CORRECTIONAL FACILITY, 9625 Pierce Road, Freeland, MI 48623, and Christopher Sperry, ID # 686220, BELLAMY CREEK CORRECTIONAL FACILITY, 1727 West Bluewater Highway, Ionia, MI 48846.

s/Tammy Hallwood
Case Manager
U.S. District Court
600 Church Street
Flint, MI 48502
(810) 341-7887
tammy_hallwood@mied.uscourts.gov