UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK WHITE, ET AL.,                                    Case No.  09-13470

                Plaintiffs,                              HONORABLE ARTHUR J. TARNOW
v.                                                                SENIOR UNITED STATES DISTRICT JUDGE

SAGINAW COUNTY JAIL,                              HONORABLE MICHAEL HLUCHANIUK
                Defendants.                     UNITED STATES MAGISTRATE JUDGE
_____/

**ORDER ADOPTING THE MAGISTRATE JUDGE'S *SUA SPONTE*
REPORT AND RECOMMENDATION [74], DENYING DEFENDANT'S MOTION TO
DISMISS [30] AS MOOT AS TO PLAINTIFF WHITE, DENYING AS MOOT
PLAINTIFF'S PENDING MOTIONS [18, 25, 45, 48, AND 54], FINDING THE
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [63] MOOT, AND
DISMISSING PLAINTIFF WHITE'S COMPLAINT**

      Before the Court is the Magistrate Judge's Report and Recommendation [74] of May 26, 2010.  The Report and Recommendation recommends that Plaintiff White's complaint [1] against Defendant be dismissed as moot and that, in light of that conclusion, Defendant's Motion to Dismiss [30] as to Plaintiff White be dismissed as moot.  On June 22, 2010, this Court granted in part [81] Plaintiff's request for additional time to file an Objection to the Report and Recommendation, setting the deadline for submission as July 23, 2010.  Plaintiff filed the instant Objection [82] on July 19, 2010.

**I. PLAINTIFF'S OBJECTIONS TO THE REPORT AND RECOMMENDATION**

      Plaintiff's "Objection No. 1" states that the Magistrate Judge failed to address certain case facts in the Report and Recommendation.  Plaintiff's Objection #3 states that the Report and Recommendation does not account for the failure of jail guards to respond to properly filed

1

grievances. However, the allegations Plaintiff states that the Magistrate Judge did not mention or account for do not cast doubt on what this Court finds to be the Magistrate Judge's proper conclusion, supported by case law, that Plaintiff's complaint is moot since he has been transferred to another facility. Accordingly, these objections lacks merit.

Objection #2 (and #5) state that the Report and Recommendation does not address Plaintiff's "motion to consolidate cases" with Christopher Sperry and Roger Lee Kelly, "thereby maintain[ing] Plaintiff White's claim for cruel and unusual punishment..." *See* Plaintiff White's Objection at 2. This objection lacks merit. Plaintiffs Christopher Sperry and Roger Lee Kelly filed separate complaints (Docket Nos. #09-14360 and #09-14361) in this Court making claims not asserted in Plaintiff White's complaint. All three Plaintiffs filed a document titled "Petition for Class Action" in their individual cases. The document [Docket No. 10 in Plaintiff White's case], signed by Sperry and Kelly, stated it was filed in support of Plaintiff White and indicated that Plaintiff White, a diabetic, was being denied food.[1] Subsequently, this Court *sua sponte* consolidated Plaintiff's complaint with the complaints filed by Sperry and Kelly. Although all three complaints were consolidated under the same case number, each Plaintiff alleges separate allegations and violations and Plaintiff White did not allege any Eighth Amendment violation in his complaint. His only claims are for injunctive relief and the Magistrate Judge properly concluded that these claims are moot

Finally, "Objection #4" states that the Magistrate Judge did not address Plaintiff's claim that he was denied a diabetic snack. This objection lacks merit. Plaintiff White's complaint solely addresses issues related to access to the law library, denial of supplies, and the grievance

---

[1] The document requested no specific relief.

system. In granting Plaintiff's Motion for Reconsideration [13], this Court permitted Plaintiff to proceed *in forma pauperis* after he alleged in his Motion [9] that he was under danger of serious physical injury because prison officials were denied him his diabetic snack. However, the claims raised in Plaintiff's complaint, which solely sought injunctive relief, remained the same. Even if this Court were to construe the grant of Plaintiff's Motion for Reconsideration as a grant of an amendment of Plaintiff's complaint, Plaintiff's complaint still only seeks injunctive relief.

## II. CONCLUSION

The Court has reviewed the record and the parties' pleadings in this case, and being fully advised in the premises,

**IT IS ORDERED** that the Report and Recommendation [74] of the Magistrate Judge is hereby adopted and is entered as the findings and conclusions of the Court. Plaintiff's Objection [82] is hereby **DENIED.**

**IT IS ORDERED** that Defendant's Motion to Dismiss [30], as to Plaintiff White only, is **DENIED** as moot and Plaintiff's pending motions[18, 25, 45, 48, 56] are **DENIED** as moot.

The Magistrate Judge's April 16, 2010 Report and Recommendation [63] is deemed moot by this order.

**SO ORDERED.**

S/ARTHUR J. TARNOW
Arthur J. Tarnow
Senior United States District Judge

Dated: August 5, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record and

**Mark White** #228524, MACOMB CORRECTIONAL FACILITY, 34625 26 MILE ROAD, NEW HAVEN, MI. 48048 on August 5, 2010, by electronic and/or ordinary mail.

3

<u>S/LISA M. WARE</u>
Case Manager