UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| MARK WHITE, *et al.*, | Case No. 09-13470 |
| Plaintiffs, | Arthur J. Tarnow |
| vs. | United States District Judge |
| SAGINAW COUNTY JAIL, | Michael Hluchaniuk |
| | United States Magistrate Judge |
| Defendant. | |
| _____/ | |

## REPORT AND RECOMMENDATION
## DEFENDANT'S MOTION TO DISMISS (Dkt. 30)

**I.   PROCEDURAL HISTORY**

This consolidated prisoner civil rights action involves three plaintiffs, Mark White,[1] Christopher Sperry, and Roger Kelly. District Judge Arthur Tarnow referred this matter, as consolidated, to the undersigned for all pretrial proceedings. (Dkt. 17).

Defendant filed a motion for change of venue[2] and a motion to dismiss on January 5, 2010. (Dkt. 29, 30). On January 15, 2010, the Court ordered plaintiffs to file written responses by March 1, 2010. (Dkt. 39). In that Order, the Court warned that "**[f]ailure to file a response may result in sanctions, including**

---

[1] Plaintiff White was already dismissed from this action. (Dkt. 83).

[2] The motion to change venue was denied on May 27, 2010. (Dkt. 77).

**granting all or part of the relief requested by the moving party**." (Dkt. 39) (emphasis in original). Plaintiff Sperry did not file a timely response to defendant's pending motion to dismiss. On June 7, 2010, plaintiff Kelly filed a response to the motion to dismiss. (Dkt. 79).

For the reasons set forth below, the undersigned **RECOMMENDS** that plaintiff Sperry's complaint be **DISMISSED** with prejudice for failure to prosecute and that plaintiff Kelly's complaint be **DISMISSED** without prejudice for failure to exhaust his administrative remedies.

## II.    CHRISTOPHER SPERRY

"The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." *Link v. Wabash R. Co.*, 370 U.S. 626, 629 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link*, 370 U.S. at 629-630. "[D]istrict courts possess broad discretion to sanction parties for failing to comply with procedural requirements." *Tetro v. Elliott Popham Pontiac, Oldsmobile, Buick, and GMC Trucks, Inc.*, 173 F.3d 988, 991 (6th Cir. 1999), citing, *Carver v. Bunch*, 946 F.2d 451, 453 (6th Cir.1991). Further, "a district court can dismiss an action for noncompliance with a local rule ... if the behavior of the noncomplying party rises to the level of a failure to prosecute under Rule

41(b) of the Federal Rules of Civil Procedure." *Tetro*, 173 F.3d at 992.

Federal Rule of Civil Procedure 41 governs dismissals. As to involuntary dismissals, it provides:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule - except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 - operates as an adjudication on the merits.

Fed.R.Civ.P. 41(b). "Neither the permissive language of [Rule 41(b)] – which merely authorizes a motion by the defendant – nor its policy requires us to conclude that it was the purpose of the Rule to abrogate the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R. Co.*, 370 U.S. 626, 630 (1962). "The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." *Link*, 370 U.S. at 629; *see also Carter v. City of Memphis, Tenn.*, 636 F.2d 159, 161 (6th Cir. 1980) ("It is clear that the district court does have the power under [Fed.R.Civ.P. 41(b)] to enter a *sua sponte* order of dismissal.") (citing *Link*). Moreover, "district courts possess broad discretion to sanction parties for failing to comply with procedural requirements." *Tetro v.*

*Elliott Popham Pontiac, Oldsmobile, Buick, and GMC Trucks*, *Inc.*, 173 F.3d 988, 991 (6th Cir. 1999), citing, *Carver v. Bunch*, 946 F.2d 451, 453 (6th Cir. 1991). And, "a district court can dismiss an action for noncompliance with a local rule only if the behavior of the noncomplying party rises to the level of a failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure." *Tetro*, 173 F.3d at 992.

The Sixth Circuit considers "four factors in reviewing the decision of a district court to dismiss a case for failure to prosecute:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang*, *Inc.*, 420 F.3d 641, 643 (6th Cir. 2005), citing, *Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999). In this case, the Court warned plaintiff that his case would be dismissed with prejudice if he failed to file a response to the motion to dismiss or to file a response to the order to show cause. (Dkt. 16, 18). Thus, this factor weighs in favor of dismissal. With respect to the first factor, just as in *White v. Bouchard*, 2008 WL 2216281, *5 (E.D. Mich. 2008), "it is not clear whether plaintiff's failure to prosecute is due to willfulness, bad faith or fault." *Id*. Regardless, "defendant[] cannot be expected to defend an

action," that plaintiff has "apparently abandoned, not to mention the investment of time and resources expended to defend this case." *Id*. Thus, the first and third factors weigh in favor of dismissal. Finally, given plaintiff's failure to file responses as ordered, the undersigned sees no utility in considering or imposing lesser sanctions. Thus, none of the factors weigh against dismissal for failure to prosecute.

It is true that "district courts should be especially hesitant to dismiss for procedural deficiencies where, as here, the failure is by a *pro se* litigant." *White*, at *8, quoting, *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996). However, "dismissal is appropriate when a *pro se* litigant has engaged in a clear pattern of delay." *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). Indeed, a *sua sponte* dismissal may be justified by a plaintiff's "apparent abandonment of [a] case." *White*, at *5, citing, *Washington v. Walker*, 734 F.2d 1237, 1240 (7th Cir. 1984). Here, plaintiff failed to comply with orders of the court. Under the circumstances, in the view of the undersigned, dismissal is appropriate.

### III. ROGER KELLY

A. <u>Plaintiff's Complaint</u>

In his complaint, plaintiff asserts a variety of constitutional violations. (Case No. 09-14361, Dkt. 1). He claims that he was forced to live in an area of the jail that was flooded with sewer water. He also claims that he was assaulted by

5

Report and Recommendation
Motion to Dismiss
*White v. Saginaw Co. Jail*; Case No. 09-13470

another inmate and jail personnel refused to file charges. Plaintiff claims that other prisoners threw buckets of urine and feces tainted water in his cell and that this behavior was encouraged by the guards. Plaintiff was also denied the ability to file assault charges against the other inmates. Plaintiff claims that the Jail does not supervise inmates directly and violent behavior of inmates who are put "in charge" of other inmates is rewarded by Jail personnel.

Plaintiff asserts that the Jail provides computer access to the women in their dorm, but regular access is denied to the men. He claims that the Jail provided no religious programs to the men, but such services are provided to the women inmates. He alleges inadequate access to envelopes, paper, and pens to indigent inmates. Plaintiff claims that the Jail allows only collect calls and he cannot contact his lawyer because of this policy. He claims that the Jail has no effective grievance system and no secure mail system. Plaintiff alleges that the Jail does not adequately screen inmates for infectious diseases, does not provide adequate cleaning supplies, does not provide adequate medical care, does not provide adequate outdoor recreation, and has inadequate food service. *Id*.

B. <u>Motion to Dismiss and Response</u>

Defendant moves to dismiss on several grounds. (Dkt. 30). First, defendant asserts that plaintiff failed to sue an entity that is capable of being sued. Second, defendant argues that plaintiff failed to identify a municipal policy or custom and

has thus, failed to state a claim. And third, defendant asserts that plaintiff failed to exhaust his administrative remedies in according with the Prison Litigation Reform Act (PLRA). Defendant submitted the affidavit of Paula Lounsbury, a Lieutenant with the Saginaw County Sheriff's Department who serves as the Jail Division Commander/Jail Administrator for the Saginaw County Jail. (Dkt. 30-5). She attests that each of the plaintiffs was given a copy of the inmate guide, which contains the Jail's grievance procedure. She also attests that, in accordance with her duties, she maintains records and logs of all processed grievances that have been appealed through all steps of the grievance procedure. According to her affidavit, Lt. Lounsbury, after personally making an inquiry, found no evidence of any grievance being filed or appeal through all steps of the grievance procedure by plaintiff Kelly regarding the complaints in his lawsuit. (Dkt. 30-5, p. 3).

In response, plaintiff says he has the legal knowledge to amend to name the proper defendants, but no paper or postage. (Dkt. 79). As far as the custom or policy issue, plaintiff asserts that Saginaw County Jail employees have a custom and practice, endorsed by the County, of refusing to answer grievances. Plaintiff "swear[s] the jail employees have throw away <u>numerous grievances</u>." (Dkt. 79, p. 2) (emphasis in original). Plaintiff also alleges that the jail has a custom or habit of preventing exhaustion. Plaintiff also repeats many of the allegations contained in his complaint, and swears to them under penalty of perjury. (Dkt. 79, p. 8).

### C. Saginaw County Jail Grievance Procedure

Defendant submitted the Jail's grievance procedure, which states that a corrections officer must be the first person contacted with any complaint or grievances and the officer will attempt to resolve all complaints and grievances from an inmate. The inmate must file the complaint or grievance within seven days of the event being complained about. (Dkt. 30-3, p. 16). If the grievance cannot be resolved to the satisfaction of the inmate, the inmate will be advised to put the complaint in writing and forward it to the jail shift commander. If the shift commander cannot resolve the grievance, the inmate will be advised to forward the complaint to the jail administrator. The jail administrator will review all pertinent information regarding the matter and make a final determination. *Id*. The grievance must state the reason for the grievance, the original officer contacted regarding the grievance, the original shift commander involved in the grievance, the date and time, and why the problem was not or could not be resolved. *Id*.

### D. Standard of Review

Defendant filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Rule 12(d) provides that, if the moving party presents and the Court relies on matters outside the pleadings, "the motion [under Rule 12(b)(6)] must be treated as one for summary judgment and disposed of as provided in Rule 56. All parties must be given a reasonable opportunity to present all the material that is

pertinent to the motion." Fed.R.Civ.P. 12(d). Thus, the plain language of the rule requires that if the motion relies on outside materials that the Court considers, then the motion "must" be converted into a motion for summary judgment pursuant to Rule 56. *See Song v. City of Elyria, Ohio*, 985 F.2d 840, 842 (6th Cir. 1993). With respect to defendant's claim that plaintiff failed to exhaust his administrative remedies, the undersigned has considered materials outside the pleadings and therefore, defendant's motion, in this respect, will be treated as one for summary judgment.

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Kocak v. Comty. Health Partners of Ohio, Inc.*, 400 F.3d 466, 468 (6th Cir. 2005); *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005). The standard for determining whether summary judgment is appropriate is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *State Farm Fire & Cas. Co. v. McGowan*, 421 F.3d 433, 436 (6th Cir. 2005), quoting, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986); *see also Tucker v. Union of Needletrades Indus. & Textile Employees*, 407 F.3d 784, 787 (6th Cir. 2005). The court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable

inferences in favor of the party opposing the motion. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Twin City Fire Ins. Co. v. Adkins*, 400 F.3d 293, 296 (6th Cir. 2005).

A prisoner's failure to exhaust his administrative remedies is an affirmative defense for which Defendants have the burden to plead and prove. *Jones v. Bock*, 549 U.S. 199 (2007). A moving party without the burden of proof needs only show that the opponent cannot sustain his burden at trial. *See Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *see also Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). A moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001). "Where the moving party has the burden-the plaintiff on a claim for relief or the defendant on an affirmative defense-his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986), quoting, W. Schwarzer, Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact, 99 F.R.D. 465, 487-88 (1984). The United States Court of Appeals for the Sixth Circuit repeatedly has emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be

10

Report and Recommendation
Motion to Dismiss
*White v. Saginaw Co. Jail*; Case No. 09-13470

free to disbelieve it." *Arnett*, 281 F.3d at 561, quoting, 11 Moore's Federal Practice § 56.13[1], at 56-138 (3d ed. 2000). Accordingly, a summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

Rule 56 limits the materials the Court may consider in deciding a motion under the rule: "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits." *Copeland v. Machulis*, 57 F.3d 476, 478 (6th Cir. 1995) (citation omitted). Moreover, affidavits must meet certain requirements:

> A supporting or opposing affidavit must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated. If a paper or part of a paper is referred to in an affidavit, a sworn or certified copy must be attached to or served with the affidavit. The court may permit an affidavit to be supplemented or opposed by depositions, answers to interrogatories, or additional affidavits.

Fed.R.Civ.P. 56(e)(1). In accordance with Rule 56(e), the Sixth Circuit has held "that documents submitted in support of a motion for summary judgment must satisfy the requirements of Rule 56(e); otherwise, they must be disregarded." *Moore v. Holbrook*, 2 F.3d 697, 699 (6th Cir. 1993). Thus, in resolving a Rule 56 motion, the Court should not consider unsworn or uncertified documents, *Id.*, unsworn statements, *Dole v. Elliott Travel & Tours, Inc.*, 942 F.2d 962, 968-969

(6th Cir. 1991), inadmissible expert testimony, *North American Specialty Ins. Co. v. Myers*, 111 F.3d 1273, 1280 (6th Cir. 1997), or hearsay evidence, *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996); *Wiley v. United States*, 20 F.3d 222, 225-226 (6th Cir. 1994). Thus, "[a] party opposing a motion for summary judgment cannot use hearsay or other inadmissible evidence to create a genuine issue of material fact." *Id.*, quoting, *Sperle v. Michigan Dept. of Corrections*, 297 F.3d 483, 495 (6th Cir. 2002) (citation and quotation marks omitted).

  E. <u>Exhaustion of Administrative Remedies</u>

  In *Jones v. Bock*, 549 U.S. 199, 127 S.Ct. 910 (2007), the United States Supreme Court held that "exhaustion is an affirmative defense, and prisoners are not required to specifically plead or demonstrate exhaustion in their complaints." *Id*. at 923. The Court defined the level of detail necessary to exhaust as simply compliance with the administrative grievance process. *Id*. Moreover, the burden rests on the defendant to show that a plaintiff failed to exhaust when asserting exhaustion as an affirmative defense. *Id*. Accordingly, exhaustion is satisfied if plaintiff complied with the applicable MDOC grievance procedure and defendants bear the burden of showing otherwise. *Kramer v. Wilkinson*, 226 Fed.Appx. 461, 462 (6th Cir. 2007) (A prisoner-plaintiff "does not bear the burden of specially pleading and proving exhaustion; rather, this affirmative defense may serve as a basis for dismissal only if raised and proven by the defendants.").

The Supreme Court defines proper exhaustion under 42 U.S.C. § 1997e(a) as "using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)." *Woodford v. Ngo*, 548 U.S. 81, 126 S.Ct. 2378, 2385, quoting, *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002) (emphasis in original). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Id*. at 2386. The Supreme Court also observed that "[t]he PLRA attempts to eliminate unwarranted federal-court interference with the administration of prisons, and thus seeks to 'afford corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case.'" *Id*. at 2387, quoting, *Porter v. Nussle*, 534 U.S. 516, 525 (2002) (alteration omitted). Exhaustion serves a dual purpose: it gives prisoners "an effective incentive to make full use of the prison grievance process and accordingly provides prisons with a fair opportunity to correct their own errors." *Id*. at 2387-88. Additionally, the exhaustion requirement "has the potential to reduce the number of inmate suits, and also to improve the quality of suits that are filed by producing a useful administrative record." *Jones*, 127 S.Ct. at 915-16.

Before *Jones* invalidated the additional exhaustion procedures placed on prisoner civil rights suits by the Sixth Circuit, a prisoner was required to "file a

grievance against the person he ultimately seeks to sue," and exhaust the claim as to each defendant associated with the claim. *Curry v. Scott*, 249 F.3d 493, 505 (6th Cir. 2001). The critical holding in *Jones* was that the PLRA does not impose additional exhaustion procedures or requirements outside the prison's grievance procedures. As observed in *Jones*, the primary purpose of a grievance is to alert prison officials of a particular problem. *Jones*, 127 S.Ct. at 923; *see also Bell v. Konteh*, 450 F.3d 651, 651 (6th Cir. 2006) ("[I]t is sufficient for a court to find that a prisoner's [grievance] gave prison officials fair notice of the alleged mistreatment or misconduct that forms the basis of the constitutional or statutory claim made against a defendant in a prisoner's complaint.").

Under some limited circumstances, an inmate may be excused from completing the applicable grievance process. *Baker v. Andes*, 2005 WL 1140725 (E.D. Ky. 2005), citing, *Giano v. Goord*, 380 F.3d 670, *677 (2d Cir. 2004) ("[I]nstructions by prison officials that are at odds with the wording of [exhaustion of administrative remedies regulations] might 'render' [ ] the formal grievance procedure unavailable [to the plaintiff] within the meaning of 42 U.S.C. § 1997e."); *Miller v. Norris*, 247 F.3d 736, 740 (8th Cir. 2001) (holding that "a remedy that prison officials prevent a prisoner from utilizing is not an 'available' remedy under § 1997e(a)"). "Acts of prison officials which thwart a prison inmate's efforts to pursue his grievance remedies and prevent him from pursuing

his remedies or obtaining a response thereto can be viewed as excusing the lack of complete exhaustion by a prison inmate." *Smith v. Baugh*, 2006 WL 2771039, *5 (M.D. Tenn. 2006), citing, *Owens v. Keeling*, 2006 WL 2471963 (6th Cir. 2006); *Boyd v. Corrections Corp. of America*, 380 F.3d 989, 996 (6th Cir. 2004).

In this case, defendant offers admissible evidence via affidavit that plaintiff did not file any grievances relating to any of the allegations in his complaint. (Dkt. 30-5). In response, while plaintiff claims in his sworn response that he witnessed grievances being thrown away, he does not claim in his sworn response that the grievances being thrown away were his grievances relating to the facts set forth in his complaint. Even if the grievances he claims were thrown away are his grievances relating to the allegations in the complaint, plaintiff offers no details about the claims allegedly grieved and the persons against whom he filed the grievances that he alleges were "thrown away." Plaintiff cannot create a genuine issue of material fact through bare allegations, unsupported by any admissible evidence. *Lowe v. Clift*, 2007 WL 2112672, *11 (E.D. Tenn. 2007) ("Plaintiff's reliance on bare allegations is not sufficient to create an issue of material fact or otherwise defeat a summary judgment motion."). In light of the evidence presented by defendant, who bears the burden of proof, and the lack of evidence presented by plaintiff, the undersigned suggests that the present circumstances are not such that "the evidence is susceptible of different interpretations or inferences

by the trier of fact," which would preclude summary judgment in favor of the party bearing the burden of proof. *Hunt*, 526 U.S. at 553. Rather, the record evidence is susceptible to only one interpretation – that plaintiff did not exhaust his administrative remedies with respect any of the events described in his complaint.

Given the foregoing conclusions, the remainder of defendant's arguments regarding plaintiff's complaint need not be addressed further.

## IV. RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that plaintiff Sperry's complaint be **DISMISSED** with prejudice for failure to prosecute and that plaintiff Kelly's complaint be **DISMISSED** without prejudice for failure to exhaust his administrative remedies.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of*

*Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

|  |  |
|---|---|
| Date: August 24, 2010 | s/Michael Hluchaniuk<br>Michael Hluchaniuk<br>United States Magistrate Judge |

## CERTIFICATE OF SERVICE

I certify that on August 24, 2010, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: Christina M. Grossi and Lawrence W. Smith, Jr., and I certify that I have mailed by United States Postal Service the paper to the following non-ECF participant(s): Mark White, ID# 228524, MACOMB REGIONAL FACILITY, 34625 26 Mile Road, New Haven, MI 48048, Roger Kelly, ID# 748808, SAGINAW CORRECTIONAL FACILITY, 9625 Pierce Road, Freeland, MI 48623, and Christopher Sperry, ID #686220, BELLAMY CREEK CORRECTIONAL FACILITY, 1727 West Bluewater Highway, Ionia, MI 48846.

                                                s/Darlene Chubb
                                                Judicial Assistant
                                                (810) 341-7850
                                                darlene_chubb@mied.uscourts.gov